In my view Life and Casualty Insurance Co. v. Walters,190 Miss. 761, 200 So. 732 (1941), was wrongly decided. It follows that I would hold that § 47-5-76 provides for the payment of costs for an appeal to this Court. I see no justification for truncating the rights *Page 203 
of the poor to full redress for grievances on an equal basis with those more fortunate. Our constitution provides that "every person for an injury done him in his lands, goods, person, or reputation, shall have remedy by due course of law, and right and justice shall be administered without sale, denial, or delay." Miss. Const. art. 3, § 24. This section has been interpreted to embody the principles of equal protection of law. See e.g. Statev. McPhail, 182 Miss. 360, 180 So. 387 (1938).
It is especially important that those who are incarcerated, and for that reason lack the ability to secure the necessary funds to pursue their rights, should be afforded every opportunity to seek redress for those rights in the ordinary civilized manner provided by our judicial system.
Accordingly, I dissent.
SULLIVAN and McRAE, JJ., join this dissent.